UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-CR-00044-R

THE UNITED STATES OF AMERICA                                    PLAINTIFF

v.

ROGER KOLLMAN, et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on multiple motions by Defendant Roger Kollman. The Government has responded and the time for further briefing has elapsed. These matters are now ripe for adjudication. Below is the Court's ruling on each.

## BACKGROUND

Defendant Roger Kollman is one of twenty-one individuals named in a two-count criminal indictment. Indictment, DN 98. Count one alleges that Kollman, along with the twenty other defendants, participated in a conspiracy to knowingly and intentionally distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846. Indictment, DN 98 at 1-2. Specifically, count one states "[f]rom on or about July 3, 2008 to on or about April 6, 2011, in the Western District of Kentucy, Warren County, and elsewhere, . . . [Kollman]" participated in the conspiracy. Indictment, DN 98 at 1-2.

Count two of the indictment says certain defendants engaged in money laundering in furtherance of the conspiracy, in violation of 18 U.S.C.§ 1956(a)(1)(A)(i), (h). Kollman is not alleged to have participated in this part of the criminal enterprise.

Kollman now attacks the Government's case and compliance with the Federal Rules of Criminal Procedure in a number of pretrial motions. For the following reasons, each is denied.

## DISCUSSION

### I. Motion to compel discovery pursuant to Federal Rule of Criminal Procedure 16 (DN 295)

Kollman previously moved for a bill of particulars. Mot. for Bill of Particulars, DN 232. In it, he requested a variety of evidentiary items, including information on the Government's witnesses that would testify against him and any documents to be used against him at trial. *Id.* The Government's response offered the names of the unindicted coconspirators that would testify against Kollman and stated the only documentary evidence against him was Western Union wire transfers, previously disclosed through the discovery process. Pl. Resp. p. 1-2, DN 238 p. 1-2. On this basis, the Court denied Kollman's motion as moot. Ord., DN 239.

In the instant motion, Kollman complains he has received no further information since this exchange and asks the Court to compel the Government to turn over whatever discoverable evidence it may have. In particular, he asks for any statements he may have made to law enforcement officials following his arrest and any other documents that illustrate his participation in the conspiracy. Mot. to Compel, p. 5-7, DN 295, p. 5-7. The Government responds that all documentary evidence in its possession has been disclosed and the rest of the evidence against Kollman will consist of direct testimony from confidential informants and unindicted co-conspirators.

"[I]n most criminal prosecutions, the *Brady* rule, Rule 16, and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n. 12 (6th Cir. 1988) (citations omitted). Rule 16 "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert

witness testimony." *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Pegross*, No. 05–80949, 2007 WL 1771542 at *1 (E.D. Mich. 2007)). Where the government has assured the court and defendants that it is aware of and will comply with its obligations under Rule 16, a defendant's motion requesting pretrial discovery is often denied. *E.g., id*. at 672-73; *United States v. Moore*, No. 5:09-CR-00015-R, 2010 WL 5092719, at *1-2 (W.D. Ky. Dec. 7, 2010).

The Government's response indicates this motion is flawed. It insists that it is not in possession of the requested materials and that the only evidence to be used against Kollman at trial is not discoverable under Rule 16. Kollman offers no basis to conclude these assurances are inaccurate or disingenuous. Thus, his motion is improper.

To the extent this motion may be construed as a request for statements made by the co-conspirators preparing to testify against Kollman, courts have held that while a defendant is entitled to his own statements made to the police, there is no absolute right to the statements of his co-defendants made to authorities. *E.g.*, *United States v. Smith*, 252 F. App'x 20, 25 (6th Cir. 2007) rev'd on other grounds by *Townsend v. United States*, 553 U.S. 1050 (2008); (stating the defendant not entitled to the statements of his co-defendants); *United States v. Rivera*, 6 F.3d 431, 439 (7th Cir. 1993) (stating that disclosure of co-defendants' statements is not mandatory). These portions of his motion are therefore irrelevant.

Accordingly, this motion is DENIED.

### II. Motion to compel discovery of Government witnesses and identities of confidential informants (DN 296)

Even though the Government has released the name of four of its potential trial witnesses, Kollman insists he is entitled to the full list of witnesses it intends to call at trial as

well as the identities of its confidential informants. The Government responds that it will call all participating informants as witnesses at trial, and therefore pretrial disclosure is unnecessary under the Jencks Act.

Kollman's requests are misguided in light of the straightforward precedent of the Sixth Circuit. First, it is "firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government." *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (citations omitted). Second, since the Government has committed to presenting the confidential informants at trial to testify, Kollman is not entitled to their identities in advance of the proceeding. *E.g.*, *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. Brice*, No.: 1:08-CR-00050-M, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009). Kollman has not stated a legitimate claim for relief within this motion.

Accordingly, this motion is DENIED.

### III. Motion for timely disclosure of *Brady* and *Giglio* materials (DN 297)

Kollman asks the Court to compel the Government to immediately release discoverable information covered under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). He stresses that this criminal matter is complex, the number of criminal defendants makes pretrial discovery complicated, and the trial - set for February 6, 2012 - is fast approaching. The Government responds that it both recognizes its obligations under *Brady* and *Giglio* and will comply with them in a way that allows defendants an adequate opportunity to prepare for trial.

Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d

4

555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id*. (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir.1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose Brady material, it acts at its own peril." *Presser*, 844 F.2d at 1281. If the prosecution denies any such exculpatory material exists under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id*. at 1283. Exculpatory and impeaching evidence must be produced "in time for use at trial." *Id*. at 1285.

The Jencks Act provides another layer of procedure on top of the *Brady* doctrine. It requires that following the testimony of a government witness, the defendant can request, and the court order, the government to provide certain documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. § 3500(a), (b). Still, these materials may not be compelled from the government until after the witness has testified. *United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982). Where impeachment evidence of government witnesses falls within the ambit of the Jencks Act and *Brady*, the information may be withheld until after the witness's testimony. *Presser*, 844 F.2d at 1283-84.

Insofar as Kollman requests impeaching and exculpatory materials that would not identify Government witnesses before trial, the Government is already under an obligation to provide these items under *Brady* and *Giglio* and has represented that it will comply with this

5

obligation. The Court trusts that the Government will make these materials available to defense counsels in a timely and professional fashion. Where Kollman requests evidence that would be protected by the Jencks Act, that information need not be provided prior to trial; nevertheless, this Court encourages earlier production.

Accordingly, this motion is DENIED.

### IV. Motion for relief from misjoinder and to sever defendants (DN 302, 310)

Kollman has joined, by reference, Defendant Edward Joseph Prentice's motion for relief from misjoinder and to sever defendants at trial. DN 302, 310. The motion makes two allegations. It says the charge of conspiracy to distribute marijuana is impermissibly joined to the money laundering charge under Federal Rule of Criminal Procedure 8(b). The motion also urges the Court to sever Kollman's trial from that of his co-defendants under Federal Rule of Criminal Procedure 14. The Government objects to both severing the trials for the separate counts of the indictment and Kollman's request to be tried separately from his co-defendants. Pl. Resp., p. 1-3, DN 324, p. 1-3.

With respect to the motion's first request, Federal Rule of Criminal Procedure 8(b) describes the circumstances for misjoinder under an indictment. The rule states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Civ. P. 8(b). "Under Rule 8(b) multiple defendants may be joined only if a sufficient nexus exists between the defendants and the single or multiple acts or transactions charged as offenses." *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985) (citation omitted). "A

6

group of acts or transactions constitutes a 'series' if they are logically interrelated, and . . . a group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan." *United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004) (citing *Johnson*, 763 F.2d at 776).

The counts of the indictment are sufficiently related to survive this motion to sever. One alleges a conspiracy to distribute large amounts of illegal narcotics while the other describes a conspiracy between the same actors to launder the ill-gotten proceeds. Four of the individuals named in count one are likewise named in count two. The interconnectedness of money laundering and drug dealing, along with the overlap of actors in these two conspiracies from the indictment, demonstrates Kollman's request is untethered from the applicable facts and law.

Federal Rule of Criminal Procedure 14 allows the severance of trials for defendants when consolidation of those trials would result in prejudice to a particular defendant. Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This preference arises not only out of the interest for judicial efficiency, but also from the presumption that juries can differentiate between and scrutinize the evidence offered against each defendant at trial without the risk of confusion. *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006); *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996). As such, "a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *Caver*, 470 F.3d at 238 (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

Kollman has not offered a legitimate reason to be tried separately from his co-defendants.

In fact, besides offering generalized objections to the prospects of a joint trial, Kollman's motion fails to offer *any* particularized reason why such a proceeding will expose him to compelling prejudice. Kollman's concerns about the introduction of statements by non-testifying co-defendants are unavailing since the Government claims these individuals will offer direct testimony at trial. Likewise, his allegation that there is little direct evidence against him appears incorrect; the Government writes in it response that documentary and testimonial evidence supports the conspiracy charge leveled against him. Pl. Rep., p. 2, DN 324 at 2. Finally, Kollman's reliance on *Zafiro v. United States*, 506 U.S. 534 (1993) is misguided. The Supreme Court reiterated in *Zafiro* that in lieu of severance, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id*. at 539. This Court will take the necessary steps at trial to caution the jury against using the evidence of money laundering against Kollman.

Accordingly, this motion is DENIED.

## CONCLUSION

IT IS HEREBY ORDERED:

(1) Defendant's motion to compel discovery pursuant to Federal Rule of Criminal Procedure 16 (DN 295) is DENIED.

(2) Defendant's motion to compel discovery of Government witnesses and identities of confidential informants (DN 296) is DENIED.

(3) Defendant's motion for timely disclosure of *Brady* and *Giglio* materials (DN 297) is DENIED.

(4) Defendant's motion for relief from misjoinder and to sever defendants (DN 302,

310) is DENIED.

(5)  The Court RESCINDS AND VACATES its earlier order to seal these motions (DN 294; DN 309). The following motions, along with the corresponding responses and replies, shall be unsealed - DN 295, DN 296, DN 297, DN 304, DN 305, DN 306, DN 316, DN 317.