UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:10-CR-00044-TBR

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2012 JUL 19 PM 3:40

UNITED STATES OF AMERICA
V.
FRANCISCO PARRA

# JURY INSTRUCTIONS

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the government tells a defendant what crimes he is accused of committing. It does not even raise a suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that a defendant is guilty and this burden stays on the government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

### Count 1 - Conspiracy to Knowingly and Intentionally Distribute a Mixture and Substance containing a Detectable Amount of Marijuana

Count One of the Indictment charges Defendant Francisco Parra with conspiring with known and unknown persons to knowingly and intentionally distribute a mixture and substance containing a detectable amount of marijuana, in the Western District of Kentucky. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each of the following elements beyond a reasonable doubt:

1) That two or more persons conspired, or agreed, to knowingly and intentionally distribute a mixture and substance containing a detectable amount of marijuana.

2) And, that the defendant knowingly and voluntarily joined in the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

## INSTRUCTION NO. 5

### Conspiracy - Agreement

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to knowingly and intentionally distribute a mixture and substance containing a detectable amount of marijuana.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to knowingly and intentionally distribute a mixture and substance containing a detectable amount of marijuana. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 6

### Conspiracy - Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict a defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more, they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

7

## INSTRUCTION NO. 7

### Conspiracy - Unindicted, Unnamed, or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## INSTRUCTION NO. 8

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 9

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 10

### Evidence

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under an oath, the exhibits, and the stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 11

### Weighing the Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 12

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A)   Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(B)   Ask yourself if there was anything that may have interfered with the witness's ability to perceived or remember the events.

(C)   Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(D)   Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(E)   Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe

13

that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(F) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two people who witness the same event may not describe it exactly the same way.

These are only some things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 13

### Character and Reputation of Defendant

You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that the defendant committed the crime charged.

## INSTRUCTION NO. 14

You have heard the testimony of Michael Perry, Michael Rich, Troy Rich, Carlos Spriggs, Michael Doolin, Carl Gene Jones, Jr., Craig Larry, Annabelle Ahamuda, Tony Barber, Roger Kollman, Juan Gamez, and Paul Cuen. You have also heard that the government promised that they would recommend favorable consideration when sentenced by the court in exchange for their cooperation.

It is permissible for the government to make such a promise. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

**INSTRUCTION NO. 15**

You have heard the testimony of Carlos Spriggs, Juan Gamez, Michael Perry, Michael Rich, Troy Rich, Tony, Barber, Carl Gene Jones, Jr., Craig Larry, Roger Kollman, and Paul Cuen. You have also heard that they were involved in the same crime that the defendant is charged with committing. You should consider their testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

The fact that they have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

# INSTRUCTION NO. 16

## Witness with Prior Conviction

You have heard the testimony of Troy Rich, Carlos Spriggs, Michael Doolin, Michael Perry, Tony Barber, Craig Larry, Juan Gamez, and Paul Cuen. You have also heard that before this trial they were all convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. Their convictions are not evidence of anything else.

# INSTRUCTION NO. 17

## Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 18

### Objections at Trial

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 19

### Notes Taken During Trial

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 20

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 21

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 22

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.